[Civ. No. 11989.   Second Appellate District, Division Two.—December 16, 1938.]

TINNIE J. CROSLEN, Appellant, v. THE GRAND LODGE OF THE ANCIENT ORDER OF THE UNITED WORKMEN OF NORTH DAKOTA (a Corporation), Respondent.

Joseph T. Enright and Black, Hammack & McWilliams for Appellant.

Carlos S. Hardy, Rex Hardy and J. J. Mulready for Respondent.

CRAIL, P. J.—This is an appeal by the plaintiff from a judgment against her in an action upon a life *and* disability insurance contract to recover the life benefits. The contention of the plaintiff on appeal is that the trial court misinterpreted the contract of insurance with regard to certain provisions of the contract which the plaintiff contends are inconsistent.

The defendant at all times was a fraternal benefit society incorporated under the laws of North Dakota and authorized to do business in California. As such it has conducted its business solely for the mutual benefit of its members and their beneficiaries and not for profit, and maintains a lodge system with ritualistic form of work and a representative form of government, and makes provision for the payment of benefits in case of death and disability of its members. One of its subordinate lodges is located at Whittier.

In September, 1926, Roy C. Croslen, the husband of plaintiff, made application for membership and asked for a policy of life and disability insurance. Croslen's application was forwarded to the home office and was approved by it and the certificate sued upon was issued.

The certificate provided for $5,000 life insurance and $5 per day disability insurance. The premium on the life feature of the contract was $10.25 per month and on the disability, $3.70 per month. Croslen paid the monthly premiums for all accruing months, including December, 1932, and never thereafter made any payments on account of his said membership.

His certificate contained a table of loan values providing that if the certificate had been in force for three years, loans could be made to the member in conformity with the laws of the society for the purpose of enabling him to pay premiums. On January 1, 1933, according to said table his loan value was $300. The by-laws of the society provided that after the certificate had been in force for three years, a loan should automatically be extended to Croslen sufficient to cover the amount due from him for life and disability premiums, and that so long as the loan value on his certificate was sufficient to make delinquent monthly payments, the certificate should be continued in force. In accordance with the provisions of his certificate and the by-laws, the defendant commenced in January, 1933, charging the monthly premiums due from Croslen as they accrued against his reserve accumulations standing to the credit of his contract of insurance, and continued to do this from month to month down to and including the month of June, 1936, at which time the loan value or reserve accumulation was exhausted. On June 29, 1936, the defendant notified Croslen by letter in which it advised him that it had advanced for his account to pay his premiums a total of $562.40, and that his reserve or loan value had been exhausted, and that his insurance would terminate with June, 1936, unless he resumed making payments in the month of July, 1936. No payments were made by Croslen, and he died on September 10, 1936. Croslen never communicated with defendant after he stopped his premium payments in 1932.

It is the primary contention of the plaintiff that a conflict existed between the terms of the disability certificate held by Croslen with reference to termination on ceasing to pay dues and the provision of the by-law with reference to the advancement of premium loans; that in a case where such a conflict exists the society must be deemed to have waived the provisions of the by-laws in so far as they conflict with

the provisions of the certificate, and the certificate will control and determine the rights of the parties, and that the "termination clause" of the .disability certificate precluded the defendant from advancing $3.70 per month, and had said sums not been advanced, the life insurance certificate would have been in full force and effect at the time of the death of Croslen, and the plaintiff would be entitled to recover.

The contract of insurance between the parties consisted of Croslen's application, the benefit certificate which was issued to him and the by-laws of the society, but it is only necessary to set forth the two clauses which the plaintiff contends were inconsistent.

The clause which appeared in the certificate issued to the member and upon which the plaintiff relies reads as follows: "Termination of this Supplementary Contract. The member may at any time terminate the disability insurance under this Supplementary Contract by ceasing to pay rates and assessments thereunder, irrespective of the continuance in force or termination of the members' beneficiary certificate referred to above; . . . " The clause in the by-laws which the plaintiff claimed is inconsistent with the above reads as follows: "Any member who fails to make monthly payments due from him to the Beneficiary, Disability and General Funds, to the Treasurer of the Lodge of which he is a member, on or before the last day of the month for which such payments are due, shall forfeit all his rights as such member and stand suspended from all the rights, benefits and privileges of the Order . . . Provided, however, that if the loan value of the members Certificate or Contract of Insurance . . . shall be sufficient to cover the amount due from such member for life, disability and double indemnity insurance and dues, the same shall be automatically advanced to him as a loan and applied to the payment of such delinquent monthly payments . . . While the loan value of each certificate or contract of insurance is sufficient to make delinquent monthly payments as herein provided the same shall be continued in full force. When the total indebtedness against a Certificate or Contract of Insurance, including any accrued interest, shall equal the loan value thereof, such Certificate or Contract shall become null and void, and the indebtedness shall be cancelled."

It will be observed that the plaintiff's point is based upon the contention that there is actually a conflict between the two clauses above set forth. ▇ It is our duty as judges to keep in mind the rules of construction that if reasonably practicable the whole of a contract is to be taken together so as to give effect to every part, each clause helping to interpret the other (Civ. Code, sec. 1641), and that where there are several provisions or particulars, such a construction is, if possible, to be adopted as will give effect to all. (Code Civ. Proc., sec. 1858.) In our view of the contract, after the certificate had been in force three years it had accumulated a reserve which should not be forfeited and so when a member stopped sending in his premiums, this reserve fund being on hand to his credit, the by-law became operative and required the defendant to pay the premiums from such reserve fund. The reserve fund was money which had been paid by the member, and when it was used to pay his premium under the by-law in question, the member had not ceased to make payments and he was still paying so long as the money was thus used.

▇ Finally, the plaintiff complains because defendant's exhibit ''B'', a purported set of by-laws, was admitted in evidence over the objection of plaintiff. Exhibit ''B'' was in pamphlet form. Said exhibit contained the paragraph with regard to paying the dues out of the reserve funds.

After all is said, it is the clause upon which the plaintiff herself relies in order to continue her life insurance in effect. The plaintiff does not contend that exhibit ''B'' is not the by-laws of the society, but she contends that it was admitted upon the testimony of a district manager of the defendant, whereas it should have been admitted on the certificate of the secretary of the defendant. Without going into the merits of this controversy, it is sufficient for us to say that the plaintiff has shown no prejudice to herself by reason of this ruling of the court and there is no reversible error. (Const., art. VI, sec. 4½.)

Judgment affirmed.

Wood, J., and McComb, J., concurred.